# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.

JONATHAN ROUFFE

Case Number: 8:20-cr-173-TPB-CPT

USM Number: 73667-018

Richard Merlino, ret.

## JUDGMENT IN A CRIMINAL CASE

Defendant pleaded guilty to Count One of the Information. Defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Health Care Fraud | April 2019 | One |

Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant shall notify the Court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Sentence: August 22, 2022

TOM BARBER
UNITED STATES DISTRICT JUDGE

Signed: August 23, 2022

AO 245B (Rev. 09/19) Judgment in a Criminal Case

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **FORTY-EIGHT (48) MONTHS.**

The Court makes the following recommendations to the Bureau of Prisons:
1. Incarceration at FCI Miami, Florida, to be near family
2. Participate in RDAP program, if eligible

Defendant is allowed to self-surrender by noon on December 1, 2022, at the institution designated by the Bureau of Prisons

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

Jonathan Rouffe
8:20-cr-173-TPB-CPT

## SUPERVISED RELEASE

Upon release from imprisonment, Defendant will be on supervised release for a total term of **THREE (3) YEARS.**

## MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

Defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. Defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame. After initially reporting to the Probation Office, Defendant will receive instructions from the court or the Probation Officer about how and when Defendant must report to the Probation Officer, and Defendant must report to the Probation Officer as instructed.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant shall report to the Probation Officer, and Defendant shall report to the Probation Officer as instructed.
3. Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. Defendant shall answer truthfully the questions asked by your Probation Officer
5. Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with),

|   |   |
|---|---|
|   | Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change. |
| 6. | Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view. |
| 7. | Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change. |
| 8. | Defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer. |
| 9. | If you are arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within **72 hours**. |
| 10. | Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers). |
| 11. | Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court. |
| 12. | If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk. |
| 13. | Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision. |

**U.S. Probation Office Use Only**

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____    Date:_____

Jonathan Rouffe
8:20-cr-173-TPB-CPT

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

2. The defendant is prohibited from incurring new credit charges, opening additional lines of credit, or obligating himself for any major purchases in excess of $500 without approval of the probation officer.

3. The defendant shall provide the probation officer access to any requested financial information.

## CRIMINAL MONETARY PENALTIES

Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
| --- | --- | --- | --- | --- |
| $100.00 | $10,725,607.15 | Waived | N/A | N/A |

Defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If Defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specific otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(l), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Restitution Ordered |
| --- | --- |
| Clerk, U.S. District Court<br>Debt Collection Unit<br>401 West Central Blvd.<br>Suite 2100<br>Orlando, FL 32801<br>for: | |
| Civilian Health & Medical Program of the Department of Veterans Affairs (CHAMPVA)<br>VA Health Administration Center<br>CHAMPVA | $16,986.69 |

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Jonathan Rouffe
8:20-cr-173-TPB-CPT

Attn: Overpayment Refunds
P.O. Box 469064
Denver, CO 80246-9064
VAOIG-2019-07622-IS-0034

| | |
|---|---|
| Medicare<br>CMS – Division of Accounting Operations<br>P.O. Box 7520<br>Baltimore, MD 21207-0520<br>Re: Jonathan Rouffe (8:20-cr-173-TPB-CPT) | $10,558,620.46 |
| Platte River Insurance Company<br>1600 Aspen Commons<br>Suite 300<br>Middleton, WI 53562 | $150,000.00 |
| TOTAL: | $10,725,607.15 |

## SCHEDULE OF PAYMENTS

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

<u>Special Assessment</u>: Shall be paid in full and is due immediately.

<u>Restitution</u>: The defendant shall pay restitution in the amount of $10,725,607.15. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victims. While in Bureau of Prisons custody, defendant shall either (1) pay at least $25 quarterly if he has a non-Unicor job or (2) pay at least 50% of his monthly earnings if he has a Unicor job. Upon release from custody, the defendant shall pay restitution at the rate of $300 per month. At any time during the course of post-release supervision, the victim, the government, or the defendant may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly. The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution. The Court finds the defendant does not have the ability to pay interest and the Court waives the interest requirement of the restitution.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States attorney.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

## JOINTLY AND SEVERALLY

Restitution shall be paid jointly and severally with Richard Davidson in Docket No.: 8:20-cr-236-WFJ-JSS.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Orders of Forfeiture (see attached) issued on June 2, 2021, and September 2, 2021, that are subject to forfeiture.

---

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pu. L. No. 115-299.
**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
***Findings for the total amount of losses, are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:20-cr-173-TPB-CPT

JONATHAN ROUFFE

## FINAL ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS

This cause comes before the Court upon the United States' motion for a Final Order of Forfeiture for the following assets in partial satisfaction of the defendant's $3,127,290 order of forfeiture:

a. Approximately $150.00 seized from all Wells Fargo Bank, N.A. accounts held in the name of Jonathan Rouffe or over which Jonathan Rouffe has signatory authorization or authority;

b. Approximately $50,909.54 seized from all TD Ameritrade, Inc. accounts held in the name of Jonathan Rouffe or over which Jonathan Rouffe has signatory authorization or authority; and

c. $45,000 in lieu of the real property located at 5315 Park Place Circle, Boca Raton, FL 33486.

On May 10, 2021, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), the Court entered an amended preliminary order of forfeiture for the assets identified above in partial satisfaction of the defendant's $3,127,290 order of forfeiture. Doc. 57.

In accordance with the provisions of 21 U.S.C. § 853(n), the United States published notice of the forfeiture, and of the intent to dispose of the assets on the official government website, www.forfeiture.gov, beginning on May 12, 2021, and

continuing through June 10, 2021. Doc. 61. The publication gave notice to all third parties with a legal interest in the assets to file with the Office of the Clerk, United States District Court, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interest within 60 days of the first date of publication.

In accord with 21 U.S.C. § 853(n), the United States properly noticed the only party known to have a potential interest in the assets. The United States recognizes the interest of Heather Rouffe and agrees that $5,909.54 taken from the TD Ameritrade account she jointly owned with Jonathan Rouffe should be returned to Petitioner. Other than the defendant, whose interest was previously forfeited to the United States, and Heather Rouffe, whose interests have been settled, no other party filed a petition or claimed an interest in the assets, and the time for filing such petition has expired.

The United States' motion is **GRANTED**. Under 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), Federal Rules of Criminal Procedure, all right, title, and interest in the assets are **CONDEMNED** and **FORFEITED** to the United States for disposition according to law.

It is FURTHER ORDERED that the United States return to Heather Rouffe $5,909.54 taken from the TD Ameritrade account that she jointly owned with Jonathan Rouffe.

It is FURTHER ORDERED that clear title to the real property located at 5315 Park Place Circle, Boca Raton, FL 33486 be vested in Heather Rouffe.

The net proceeds from the forfeited assets will be credited towards the partial satisfaction of the defendant's order of forfeiture.

Clear title to the assets are now vested in the United States of America.

DONE and ORDERED in Tampa, Florida, this 2nd day of September, 2021.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Copies to:
All Parties/Counsel of Record

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:20-cr-173-TPB-CPT

JONATHAN ROUFFE

**FINAL ORDER OF FORFEITURE**

The United States moves under 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), Federal Rules of Criminal Procedure, for a final order of forfeiture for approximately $27,768.60 held by CMS for fraudulent claims submitted by Healthsource DME, Inc., and approximately $374,953.40 held by CMS for fraudulent claims submitted by Decision One Health, which were subject to March 4, 2021 and March 11, 2021 preliminary orders of forfeiture (Docs. 51 and 53).

In accordance with the provisions of 21 U.S.C. § 853(n), the United States published notice of the forfeiture, and of the intent to dispose of the funds on the official government website, www.forfeiture.gov, beginning on March 5, 2021 and continuing through April 3, 2021, and beginning on March 12, 2021 and continuing through April 10, 2021. Docs. 54 and 55. The publication gave notice to all third parties with a legal interest in the funds to file with the Office of the Clerk, United States District Court, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida

33602, a petition to adjudicate their interest within 60 days of the first date of publication. In accord with 21 U.S.C. § 853(n), the United States properly noticed the only parties known to have a potential interest in the funds. No one filed a petition or claimed an interest in the funds, and the time for filing such petition has expired.

The United States' motion is **GRANTED**. Under 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), Federal Rules of Criminal Procedure, all right, title, and interest in the funds are **CONDEMNED** and **FORFEITED** to the United States for disposition according to law. Clear title to the funds is now vested in the United States of America.

DONE and ORDERED in Tampa, Florida, this 2nd day of June, 2021.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Copies to:
All Parties/Counsel of Record